UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

PROFESSIONAL CLOCKERY, INC., et al, : CASE NO. C-1-00-1019
: Magistrate Judge Hogan
          Plaintiffs, :
:
vs. : **PROTECTIVE ORDER**
: **AND ORDER IN LIMINE**
LI QIUSHENG, et al, :
:
          Defendants. :

This matter came on before the Court at a telephone conference on May 18, 2004, requested by defendants regarding a disagreement between counsel about the manner of taking discovery and perpetuation depositions of defendant Li Quisheng.

The parties each submitted a letter, included their requests for relief and arguments. Such submissions of counsel include a letter dated May 11, 2004 to the Court from the Merit Law Group, P.C., and a letter dated May 18, 2004 to the Court from Graydon, Head & Ritchey L.L.P., both of which are attached hereto respectively as Exhibits "A" and "B", and made a part of the record herein.

Mr. Li is a Chinese national and will not likely be able to travel to the United States for the trial in the case scheduled for August 16, 2004. It is therefore necessary that Mr. Li's testimony be perpetuated by deposition to be taken in Hong Kong. The plaintiffs wish to take the deposition of Mr. Li prior to the deposition to be taken by the defendant. This deposition will be referred to herein as the "Discovery Deposition". The parties have agreed that plaintiffs may take the Discovery Deposition of Mr. Li prior to

the perpetuation deposition to be taken by defendants, which will commence on a different day.

The disagreement of counsel relates to the questions of whether and under what circumstances defendants will be allowed to present plaintiffs' Discovery Deposition as evidence in defendants' case-in-chief at trial.

After review of the submissions of counsel and their oral arguments during the telephone conference, the Court sustains plaintiffs' objections against defendants' use of the Discovery Deposition of Mr. Li in defendants' case-in-chief at trial, and issues a protective order, prohibiting the defendants from using the Discovery Deposition of Mr. Li in the defendants' case-in-chief at trial. This order does not impose any restrictions on either party's right to use the perpetuation testimony.

For the record, defendants object to the Court's ruling on the plaintiffs' objections and issuance of the protective order for the reasons stated in their submission, and for the reasons that it unduly prejudices the defendants insofar as such order precludes the defendants from presenting testimony that may otherwise be relevant or admissible, and that insufficient grounds exist for the issuance of a protective order.

The Court hereby orders:

For purposes of the deposition of Mr. Li, the following procedures will apply:

1. That plaintiff first may take Mr. Li's "discovery" deposition on the first day of two days scheduled for deposition. No part of this deposition may be offered by defendants in their case-in-chief at trial (unless Mr. Li dies or otherwise involuntarily becomes unavailable for the following "perpetuation" deposition) although such deposition may be used by plaintiffs at trial in the same manner an opposing party could use any "discovery" deposition.

2. That defendants will then take Mr. Li's "perpetuation" deposition on direct examination on a later day at which plaintiffs may cross-

examine Mr. Li and use his "discovery" deposition for impeachment purposes as warranted. This deposition will constitute Mr. Li's trial testimony.

Upon the further request of the parties, the discovery deadline is extended for purposes of the depositions of the parties until June 30, 2004.

SO ORDERED.

_____ 6/1/04
United States Magistrate Judge

**MERIT LAW GROUP**
A PROFESSIONAL CORPORATION

800 WEST EL CAMINO REAL, SUITE 180
MOUNTAIN VIEW, CALIFORNIA 94040
TELEPHONE NO. (650) 943-2442
FAX NO. (650) 618-8662

May 11, 2004

Hon. Timothy S. Hogan
United States District Court
Southern District of Ohio
706 Potter Stewart Courthouse
Cincinnati, OH 45202

*Via fax: (513) 564-7663*
*and e-mail:*
*timothy_hogan@ohsd.uscourts.gov*
*Original to follow via U.S. Mail*

RE:  *Professional Clockery, Inc. v. Li Quisheng, et al.*
    *Case No. C-1-00-1019*

Dear Judge Hogan:

Jeffrey Harmon and I represent the defendants Classical Clock Company and Li Quisheng in the above referenced case. Counsel for plaintiffs Robert Crowder and Professional Clockery, John Pinney, and I agreed to submit certain issues to you by letter pertaining to the discovery cut-off and the depositions of the parties.

The purpose of this letter is a joint request by Mr. Pinney and I for a telephone conference with you to address the issues herein.

Trial is presently set to commence on August 16, 2004. The discovery cut-off as ordered by this Court was on March 31, 2004. To enable the parties to continue settlement discussions, Mr. Pinney and I agreed to extend the discovery cut-off to the end of May, 2004 and to have the depositions of the parties in the month of May, 2004.

The parties have also agreed on the logistics of taking the depositions of the parties. More specifically, Mr. Pinney and I have agreed that I may depose the plaintiffs via telephone and that such depositions may be video-recorded, and that the defendants would be deposed in a country where the defendants may lawfully enter, such as China, Hong Kong, or London. We have also agreed that I may examine the defendants via telephone, and that such depositions may be video-recorded.

Mr. Pinney and I have also agreed on the timing of the depositions. Specifically, we have agreed that Mr. Pinney may depose the defendants first, that the depositions of the plaintiffs would follow, and that the defendants would be deposed a second time following the plaintiffs' deposition.

Mr. Pinney and I disagree on one issue. Mr. Pinney contends that the defendants could not seek to introduce as trial testimony all or any portion of defendants' testimony from

Hon. Timothy S. Hogan
May 11, 2004
Page 2

the depositions of defendants taken by Mr. Pinney. Mr. Pinney contends that this deposition testimony would be inadmissible, consistent with the custom and practice in this Court.

I contend that both the first and second depositions of the defendants should be admissible as trial testimony, subject to any objections as to the form of the question and objections based on the Federal Rules of Evidence. Federal Rule of Civil Procedure, Rule 32 (a) generally provides that a deposition may be used in a court proceeding. Rule 32 (a)(3) specifically provides that the deposition of a witness, party or otherwise, may be used "by any party for any purpose" where the witness is unavailable, or where such depositions should be admitted in the interest of justice. In this case, Li Quisheng is in China, considerably more than 100 miles from the place of trial as specified in the rule. I have attached a copy of the decision in *In re: Biron, Inc.*, 28 B.R. 340; 1983 Bankr. LEXIS 6565. Judge Perlman ruled that the deposition of a plaintiff was admissible when introduced by plaintiffs. No law could be found supporting Mr. Pinney's position.

Accordingly, Mr. Pinney and I jointly request that a telephone conference with you to address the following issues:

1. The parties request that the Court approve their stipulation to extend the discovery cut-off to the end of May, 2004, and grant leave to the parties to conduct depositions in the month of May, 2004.

2. Given that the costs of the parties' depositions are anticipated to be very high, the parties wish to have the Court make a ruling *in limine* admitting such depositions prior to the commencement of the depositions, subject to objections as to the form of the questions and objections based on the Federal Rules of Evidence.

3. The parties wish to have your input as to the issue concerning admissibility of the defendants' first deposition.

Thank you for your attention.

Sincerely,

MERIT LAW GROUP P.C.

Roy C. Ching, Esq.

Cc:   John B. Pinney (via fax and e-mail only)
      Jeffrey J. Harmon (via fax and e-mail only)

Source: Legal > States Legal - U.S. > Ohio > Cases > OH Federal & State Cases, Combined
Terms: civil or civ w/4 32(a)(3)(b) (Edit Search)

Select for FOCUS™ or Delivery

28 B.R. 340, *; 1983 Bankr. LEXIS 6565, **

In re BIRON, INC., Debtor; Harley D. GILBERT, et al., Plaintiffs, v. BIRON, INC., Defendant

Adv. No. 1-82-0171, Bankruptcy No. 1-82-00853

UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF OHIO, WESTERN DIVISION

28 B.R. 340; 1983 Bankr. LEXIS 6565

March 22, 1983

## CASE SUMMARY

**PROCEDURAL POSTURE:** Defendant debtor filed a petition for Chapter 11 bankruptcy relief. Plaintiff judgment creditors filed an adversary proceeding, seeking modification of the automatic stay imposed by 11 U.S.C.S. § 362.

**OVERVIEW:** A state court awarded judgment in favor of the creditors, cancelling the parties' oil and gas leases and awarding certain monetary damages as well as attorney fees. The creditors argued that unless the stay was removed, they could not re-lease the premises, which would be grossly inequitable. The court noted that the depositions of two of the creditors were admissible under Fed. R. Civ. P. 32(a)(3)(B) because their normal residences were more than 100 miles from the place of trial. Thus, their absence was not procured by the creditors. The court modified the automatic stay as requested, finding that "cause" existed within the meaning of 11 U.S.C.S. § 362(d)(1). The court determined that it would be unjust and inequitable to prohibit the creditors from dealing with their property free of any claim by the debtor because the debtor had no interest in the property. If the debtor succeeded in its appeal of the state court judgment, it would have the right to rely upon its leases and thus would not be prejudiced.

**OUTCOME:** The court modified the automatic stay as requested by the creditors in their adversary proceeding against the debtor.

**CORE TERMS:** deposition, leases, automatic stay, admissibility, admissible, bankruptcy case, place of trial, lifting, objected, resident, procured, qualify, miles, present consideration, evidence presented, summary judgment, failure to meet, burden of proof, memorandum, cancellation, inequitable, relevance, evidently, reserved, oil

### LexisNexis (TM) HEADNOTES - Core Concepts - ♦ Hide Concepts

Civil Procedure > Disclosure & Discovery > Depositions at Trial
HN1 ҉Under Fed. R. Civ. P. 32(a)(3)(B), normal residence more than 100 miles from the place of trial qualifies a deposition and it is for admission. It cannot be said that a party whose residence is that distance from the place of trial procured his absence. More Like This Headnote

Bankruptcy Law > Automatic Stay

**HN2** 11 U.S.C.S. § 362(d) provides: On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under 11 U.S.C.S. § 362(a), such as by terminating, annulling, modifying, or conditioning such stay -- (1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or (2) with respect to a stay of an act against property, if -- (A) the debtor does not have an equity in such property; and (B) such property is not necessary to an effective reorganization. More Like This Headnote

Bankruptcy Law > Automatic Stay

**HN3** 11 U.S.C.S. § 362(g) says that: In any hearing under 11 U.S.C.S. § 362(d) or (e) concerning relief from the stay of any act under 11 U.S.C.S. § 362(a) --(1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in property; and (2) the party opposing such relief has the burden of proof on all other issues. More Like This Headnote

**COUNSEL:** [**1]

Daniel H. McKinney, Cincinnati, Ohio, for Plaintiffs.

Steve Williams, Cincinnati, Ohio, for Defendant.

**JUDGES:** Burton Perlman, Bankruptcy Judge.

**OPINIONBY:** PERLMAN

**OPINION:** [*342] BURTON PERLMAN, Bankruptcy Judge.

In the complaint in this adversary proceeding, the relief sought is a modification of the automatic stay imposed by 11 U.S.C. § 362 against these plaintiffs which arose when the underlying Chapter 11 bankruptcy case was filed by debtor, defendant in this proceeding.

The complaint alleges that on or about January 21, 1982 plaintiffs were awarded a judgment against defendant in a suit which they filed and prosecuted in a Kansas state court. The bankruptcy case filed by defendant evidently was filed during the period that defendant had in which to file an appeal in that suit. The complaint in the case before us alleges that plaintiffs here were lessors to defendant of two oil and gas leases, and the Kansas court granted the relief of cancellation of those leases and the award of certain monetary damages as well as attorneys fees. An essential allegation by plaintiffs is that unless the § 362 stay is removed plaintiffs cannot re-lease their premises and this would be grossly [**2] inequitable. (We note that as to any monetary claim it would appear that plaintiffs' relief would be limited to the filing of a claim in the bankruptcy case.) It appears that if the relief sought in the complaint before us is granted, that either an appeal will proceed in the Kansas courts or the specific relief secured by plaintiffs in those courts, cancellation of the leases to debtor, will result.

This proceeding came on for trial. At this time we deem it necessary to memorialize a decision announced at the outset of the trial. At that time, counsel for plaintiffs called our attention to the fact that he had filed a motion for summary judgment which had not been ruled upon. The basis for the motion for summary judgment was a contention that the automatic stay of § 362 should be held to have been automatically terminated for failure to meet the time periods set forth in § 362(e). At the trial we overruled the motion. The provisions of § 362(e) have to do with consequences for failure to meet certain time requirements in dealing with a request to modify stay. Suffice it to say that the basis upon

which we overruled the motion was that it was as a result of the conduct of [**3] plaintiffs that the time limits of § 362(e) for dealing with the question of relief from the stay were not met.

At the trial plaintiffs offered no live testimony. They sought to make their case by offering certain exhibits to the admission of which defendant objected. We reserved decision on these objections, and now state our rulings as to them.

1. PX 1. This exhibit consists of documents from the file of the Kansas case. It comprises: (a) a petition, (b) plaintiffs' brief, (c) Memorandum Decision dated January 29, 1982, (d) Journal Entry filed February 19, 1982, and (e) Order of March 24, 1982. The authenticity of these documents was stipulated by the parties (Doc. # 11). We hold PX 1, with the exception of plaintiffs' brief, to be admissible, the brief being excluded as not being relevant.

2. Deposition of Judson William Herron, Jr. While it objected at the time of trial to the admissibility of this deposition, defendant in its post trial memorandum concedes that this deposition of the president of defendant is admissible. The deposition therefore will be admitted in evidence. In its post trial memorandum, defendant requests that it be given an opportunity to object to [**4] specific portions of the deposition following our ruling on admissibility. This request is untimely and is denied.

3. Deposition of Harley D. Gilbert. This is the deposition of one of the plaintiffs. At the trial defendant objected to the admissibility of this deposition on grounds that while Gilbert, a resident of Kansas, was clearly at a greater distance than one hundred miles from the place of trial, it appeared that his absence was procured by plaintiffs, since Gilbert could have been present for the trial, and thus the requirements of F.R.Civ.P. 32(a)(3)(B) were not met. We hold the deposition to be admissible. *HN1* Normal residence more than [*343] one hundred miles from the place of trial of Gilbert, a fact which is not disputed, is sufficient to qualify this deposition for admission. _Ikerd v. Lapworth, 435 F.2d 197 (7th Cir.1970)._ It cannot be said that a party residing at that distance from the place of trial procured his absence. 4A Moore's Federal Practice (2nd ed.) 32-31 to 32-35. It seems to us, particularly in the federal courts, that a nonresident plaintiff ought to be allowed to present his testimony by deposition if he chooses, for otherwise a party without [**5] the means to travel and appear at the trial would be denied his day in court. Again, we deny the request of defendant, on grounds that it is not timely made, to object to specific portions of the Gilbert deposition.

4. Deposition of Robert D. Jones. The only objection registered by defendant to the admissibility of this deposition is that nothing was shown by way of compliance with F.R.Civ.P. 32 which would qualify this deposition as admissible. The deposition itself shows that Jones is a resident of Kansas, and for the reasons stated in connection with the deposition of Gilbert, the deposition is admissible. Defendant says that it is prejudiced because it never received a copy of the Jones deposition. Plaintiffs correctly respond that defendant was represented at the taking of the Jones deposition and could have ordered a copy of it. It evidently did not do so, and defendant may not now object to admissibility for this reason. Again, the request of defendant to object to specific portions of the deposition upon admission of the deposition is denied.

* * *

Having ruled on the reserved evidentiary questions, we turn to the matter of decision of the question before us.

Defendant [**6] offered no evidence at the trial, taking the position that plaintiffs had failed to prove their case. The controlling statutory provision is *HN2* 11 U.S.C. § 362(d):

Case 1:00-cv-01019-TSH-TSH   Document 79   Filed 06/01/2004   Page 9 of 12
May 06 04 02:09p    CORS&BASSETT             513-852-8222              p.7
Search - 18 Results - Civil or Civ w/4 32(a)(3)(B)

Page 4 of 5

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay --

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or

(2) with respect to a stay of an act against property, if --

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization.

Attention also must be paid to HN3§ 362(g) which says that:

(g) In any hearing under subsection (d) or (e) of this section concerning relief from the stay of any act under subsection (a) of this section --

(1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in property; and

(2) the party opposing such relief has the burden of proof on all other issues.

After carefully considering the evidence presented in this [**7] case and the application of the foregoing statutory provisions thereto, we have concluded that plaintiffs should prevail and the stay should be modified as prayed.

We find that "cause" exists within the meaning of § 362(d)(1) for the lifting of the automatic stay in this case, in the judgment entered by the Kansas state court cancelling the leases between these parties. That outcome was the subject of a judgment entered prior to the institution of the bankruptcy case, so that if that state court judgment is operative there is no basis for continuing the automatic stay in effect because there is no property in which this debtor has an interest. It would be unjust and inequitable to prohibit by means of continuance of the automatic stay these plaintiffs from dealing with their property free of any claim by this defendant where defendant has no interest. See *Matter of Racing Wheels, Inc., 5 B.R. 309, 6 B.C.D. 719* (Bkrtcy., M.D.Fla.1980). We understand that it is the position of defendant that it wishes to appeal from the Kansas trial court's judgment. Assuming that it has the right and the means to do so, we see no reason why that procedure should lead us to continue the stay. [**8] Indeed, it is an [*344] added reason for lifting the stay, for any further proceedings in the state court ought to be expedited for the benefit of all the parties. If defendant does take an appeal and succeeds in securing a reversal of the state court judgment, we do not perceive that any prejudice to defendant will have occurred by reason of the lifting of the stay, for defendant then will have the right to rely upon its leases.

Under the circumstances, it does not appear to us that the second clause in section 362(d)(1), that relating to adequate protection, has any relevance in our present consideration, for as things presently stand, defendant has no interest in the property, the gas and oil leases, which are the subject of the Kansas litigation. The same remark serves also to dispose of any relevance to our present consideration of § 362(d)(2). We have reviewed the evidence presented to us for any suggestion that our stated conclusion is improper and have found none. Indeed, the testimony which is to be the found in the record, that pumping activity on

adjacent property may be depleting the resources on plaintiffs' land, reinforces our conclusion that the stay should [**9] be lifted so that matters may proceed to finality in the state court.

Source: Legal > States Legal - U.S. > Ohio > Cases > OH Federal & State Cases, Combined
Terms: civil or civ w/4 32(a)(3)(b) (Edit Search)
View: Full
Date/Time: Wednesday, May 5, 2004 - 2:38 PM EDT

* Signal Legend:
● - Warning: Negative treatment is indicated
▲ - Caution: Possible negative treatment
◆ - Positive treatment is indicated
Ⓐ - Citing Refs. With Analysis Available
ⓘ - Citation information available
* Click on any *Shepard's* signal to *Shepardize®* that case.

About LexisNexis | Terms and Conditions

Copyright © 2004 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

http://www.lexis.com/research/retrieve?_m=01a8b4-80b-11a0061a70-6-02500-60-1-1

**Graydon
Head &
Ritchey
LLP**

*Attorneys at Law*

John B. Pinney
Direct Dial: (513) 629-2730
E-Mail: jpinney@graydon.com

May 18, 2004

Honorable Timothy S. Hogan
United States Magistrate Judge
Potter Stewart U. S. Courthouse, Room 706
100 East Fifth Street
Cincinnati, OH 45202

      Re: **Professional Clockery, Inc., et al. v. Li Qiushan, et al.
         Civil Action No. C-1-00-1019**

Dear Judge Hogan:

  I understand that, at Mr. Ching's request, Your Honor has arranged a conference call this morning 11:30 a.m. In general, the purpose of the call, as I understand it, is mainly to address the issue of Mr. Li's discovery deposition.

  As Your Honor is aware, Mr. Li is not able to travel to Cincinnati for the trial scheduled for August 16, 2004, and that it will be necessary that his evidence be presented at trial by deposition. This creates the unusual situation where a party's own deposition will be submitted as his evidence-in-chief at trial.

  The problem presented is that plaintiffs should have a reasonable opportunity to take Mr. Li's discovery deposition prior to his giving his perpetuation deposition for use at trial. Of course, if Mr. Li were to testify at trial, plaintiff would be entitled to take his discovery deposition for use at trial. However, Mr. Ching has taken the position that, if plaintiff goes to the expense of taking a "discovery" deposition, Mr. Li may use that deposition at trial in his case-in-chief in lieu of or in addition to any "perpetuation" deposition. As a practical matter, this would result in plaintiffs never having an opportunity to "discover" what Mr. Li's evidence is before risking having it submitted to the jury through questions by plaintiffs' own lawyer. Moreover, this also would potentially result in plaintiff paying for Mr. Li's trial testimony if Mr. Ching elects not to proceed with his own "perpetuation" deposition. The procedure proposed by Mr. Ching simply is not fair to plaintiffs.

www.graydon.com

*Mailing Address*
P.O. Box 6464
Cincinnati, Ohio 45201-6464

*Cincinnati Office*
1900 Fifth Third Center
511 Walnut Street
Cincinnati, Ohio 45202-3157
telephone (513) 621-6464
fax (513) 651-3836

*Kentucky Office*
2500 Chamber Center Drive
Suite 300
Ft. Mitchell, Kentucky 41017-7070
telephone (859) 282-8800
fax (859) 525-0214

Honorable Timothy S. Hogan
May 18, 2004
Page 2

Plaintiff instead requests that the Court issue a protective order containing the following points:

1. That plaintiff first may take Mr. Li's "discovery" deposition on the first day of two days scheduled for his deposition. No part of this deposition may be offered by defendants in their case-in-chief (unless Mr. Li dies or otherwise involuntarily becomes unavailable for the next day's "perpetuation" deposition) although the deposition may be used by plaintiffs at trial as it could use any "discovery" deposition.

2. That defendants will then take Mr. Li's "perpetuation" deposition on direct examination on the second day at which plaintiffs may cross-examine Mr. Li and use his "discovery" deposition for impeachment purposes as warranted. Defendants may only offer this "perpetuation" deposition in their case-in-chief. This deposition will constitute Mr. Li's trial testimony.

I look forward to participating in the telephone call later this morning.

Respectfully,

John B. Pinney
Attorney for Plaintiffs

c: Roy Ching, Esq. (By fax and e-mail)
Jeffrey Harmon, Esq. (By fax and e-mail)

387023.1